JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 87-422-JAK-10 |
|---|---|
| Plaintiff, | No. CV 19-05491-JAK |
| v. | JUDGMENT |
| RAFAEL CARO QUINTERO, et al., - JUAN JOSE BERNABE-RAMIREZ (10), | |
| Defendants. | |

IT IS THE JUDGMENT OF THIS COURT, for the reasons stated in this Court's order dated July 29, 2020 ("Order" (CR Dkt. 4440))[1], defendant/petitioner Juan Jose Bernabe-Ramirez's ("defendant's") motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 ("Motion" (CV Dkt. 1 and CR Dkt. 4427)) is hereby GRANTED and JUDGMENT SHALL BE ENTERED.[2]

---

[1] "CR Dkt." refers to the court criminal docket in United States v. Caro-Quintero, et al., case number CR 87-422-JAK, U.S. District Court for the Central District of California, and is followed by the docket entry. "CV Dkt." refers to the court civil docket in Juan Jose Bernabe Ramirez v. United States, case number CV 19-05491-JAK, U.S. District Court for the Central District of California, and is followed by the docket entry.

[2] Entry of judgment on the Motion was deferred (and the Order was not final), until the entry of this Judgment. (CR Dkt. 4440, pg. 18)

 1        IT IS THE JUDGMENT OF THIS COURT, for the reasons stated in the
 2   Order, that the convictions and sentence in <u>United States v. Juan
 3   Jose Bernabe-Ramirez</u>, case number CR 87-422-JAK-10, U.S. District
 4   Court for the Central District of California, are VACATED as to the
 5   three counts for which defendant was convicted: Count Three, which
 6   charged violent crimes in aid of racketeering activity ("VICAR"), in
 7   violation of 18 U.S.C. §§ 371, 1959, 2; Count Six, which charged
 8   kidnapping of a federal agent, in violation of 18 U.S.C.
 9   §§ 1201(a)(5), 2; and Count Eight, which charged accessory after the
10   fact, in violation of 18 U.S.C. § 3.[3]  Defendant is granted a new
11   trial as to each of these three convictions.
12        THE COURT HEREBY FINDS, pursuant to the Bail Reform Act, 18
13   U.S.C. § 3142(f), that no condition or combination of conditions
14   would assure the safety of the community and the on-going appearance
15   of defendant in this case, and defendant is therefore ordered
16   DETAINED without bond pending any new trial.  These findings are
17   based on the nature of the charges in this case (namely, VICAR murder
18   conspiracy and kidnapping charges), and the lack of any lawful status
19   of defendant in the United States known to the Court.  The Court is
20   sufficiently familiar with defendant's circumstances based on its
21   review of the record of this case to make this finding.  This order
22   of detention is without prejudice.
23        IT IS ORDERED, pursuant to 18 U.S.C. § 3161(e), any such trial
24   on the three counts is to commence within 180 days of the entry of

---

[3] The counts in the January 31, 1990 sixth superseding indictment (CR Dkt. 742) were renumbered on August 17, 1990 (CR Dkt. 3246) after Count Three of the sixth superseding indictment was dismissed.  This Judgment refers to the counts in the sixth superseding indictment, as renumbered.

*(footnote cont'd on next page)*

this Judgment.[4]  Given the last trial against defendant on the three aforementioned counts occurred over 27 years ago, the government (and most likely the defendant) will need this additional time to locate witnesses and evidence due to the passage of significant time. Within ten (10) court days of the entry of this Judgment, the Government shall submit proposed findings of fact and conclusions of law pursuant to the Speedy Trial Act and 18 U.S.C. § 3161.  This Judgment does not preclude either party from seeking an order from the Court for a finding of additional excludable time under the Speedy Trial Act based on other reasons and/or facts.

September 9, 2020
DATE

John A. Kronstadt
United States District Judge

---

[4] The Speedy Trial Act, and specifically 18 U.S.C. § 3161(e), states in relevant part:

> If the defendant is to be tried again following an appeal or collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period of retrial not to exceed one hundred and eighty days from the date occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.